## Frederick Menke v. A. M. Barnhart.

### Gen. No. 13,421.

MECHANICS' LIENS—*section 11 of act construed.* Under section 11 of the Mechanic's Lien Act, a party instituting a mechanic's lien proceeding has no vested right to dismiss his bill without prejudice.

Mechanic's lien.   Error to the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.   Heard in this court at the March term, 1907.   Affirmed.   Opinion filed October 28, 1907.

OSSIAN CAMERON and A. S. LAKEY, for plaintiff in error.

MUSGRAVE, VROMAN and LEE, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The plaintiff in error, complainant below, filed, March 16, 1905, a bill to enforce a mechanic's lien against premises of defendant in error, averring that there was a balance due to him from the defendant of $1,127.97, for the decoration by him of the said premises.   He also filed an amendment to the bill, claiming for extra work.   The defendant answered the bill, denying its material allegations and averring, among other things, that the complainant did not perform his contract.   May 11, 1906, complainant filed in the office of the clerk of the court a motion to dismiss the bill without prejudice.   May 19, 1906, the defendant, by his solicitors, served notice on complainant's solicitors that May 21, 1906, they would file the master's report and apply for a decree confirming the same and dismissing the bill.   June 11, 1906, the cause came on to be heard on the pleadings and the master's report, and the court, by its decree, confirmed the report, and found that it was stipulated by the parties that $300 should be allowed to the master for ruling on questions of evidence and making his report, which said sum the

court finds to be reasonable, and that said sum, together with the additional sum of $124.50, the master's fee for taking evidence in the cause, in all $424.50, should be taxed as costs, and that the defendant, Barnhart, was entitled to recover the same from the complainant. The court further found that there was nothing due from the defendant to the complainant, and decreed in accordance with its findings. The sole contention of counsel for plaintiff in error is, that the court erred in denying a motion by plaintiff in error to dismiss his bill without prejudice.

The original transcript of the record does not, nor does any abstract, show that the paper filed by plaintiff in error, purporting to be a motion to dismiss without prejudice, was ever called to the attention of the court, although a supplemental transcript, not abstracted, does so show.

Counsel seem to claim that the right of plaintiff in error to dismiss his own bill is a vested right, and indulge in adverse criticism of the last clause of section 11 of the law of 1905 in respect to liens, viz: "No action or suit under the provisions of this act shall be voluntarily dismissed by the party bringing the same, without due notice to all parties before the court, and leave of court upon good cause shown, and on terms to be fixed by the court." The clause is plain in its terms, and there is no limitation in the constitution on the power of the legislature to enact it, nor is it claimed that there is. The wisdom of the clause in question finds ample illustration in the present case. It appears from the record that the cause was heard on the pleadings and the master's report of the evidence, and when it was clear to plaintiff in error that the decree would necessarily be against him, he moved to dismiss his bill without prejudice. The writ of error is without basis in law or fact, and further discussion would be a waste of time.

The decree will be affirmed.

*Affirmed.*